Affirmed and Memorandum Opinion filed March 28, 2006









Affirmed and Memorandum Opinion filed March 28, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00777-CR

_______________

 

DEWAYNE SHELTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________________

 

On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 967,797

________________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Following a bench trial, appellant, Dewayne Shelton, was
convicted for the felony offense of possession with intent to deliver a
controlled substance.  Appellant entered
a plea of true to two enhancement paragraphs for prior felony convictions, and
the trial court assessed punishment at forty years= imprisonment.  In one issue, appellant contends that the
evidence is factually insufficient to support his conviction.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.








In reviewing the evidence for factual sufficiency, we must
view all of the evidence in a neutral light, and must set aside the verdict
only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence may be factually insufficient if (1)
the evidence supporting the verdict alone is too weak to justify a finding of
guilt beyond a reasonable doubt, or (2) the contrary evidence is so strong that
it would prevent a reasonable jury from finding guilt beyond a reasonable
doubt.  Zuniga v. State, 144
S.W.3d 477, 484B85 (Tex. Crim. App. 2004).

At trial, an undercover Houston police officer testified that
on July 21, 2003, he attempted to purchase cocaine from an unknown homeless
man.  The officer testified that the man
got in the officer=s car, directed him to a hotel, and instructed him to stop
outside room number twenty-four.  When
the officer arrived at the specified room number, he honked his horn.  Appellant came out of the room and approached
the officer=s car. The officer told appellant
that he wanted to buy fifty dollars of crack cocaine.  According to the officer, appellant replied
that he could get the cocaine if the officer would drive him to his
source.  The officer drove both appellant
and the unknown man to a nearby house. 
Appellant accepted fifty dollars from the officer and went inside the
house.  A short while later, appellant
got back in the officer=s car with a plastic bag containing what appeared to be crack
cocaine.  After the officer left the
house, he gave the Abust@ signal and another officer stopped the car for a traffic
violation. Appellant stuffed the bag into a pocket in the passenger seat of the
car where it was later retrieved by the undercover officer.  Appellant was arrested at the scene.  A criminalist with the Houston Police
Department Crime Laboratory testified that the bag contained 7.4 grams of a
substance that tested positive for cocaine.








Appellant testified at trial. 
He denied possessing the cocaine, but admitted to accepting a ride from
the undercover officer to a house where his uncle was staying.  Appellant testified that the purpose of the
trip was to pick up his AA.C. technician card@ from his uncle, but that his uncle
was not there.  Appellant=s girlfriend testified that she was
in the hotel room with appellant on the day of the offense when she received a
call from a man who identified himself as ABobby.@[1] 
The man asked to speak with appellant. 
After a brief  phone conversation,
appellant told her that he was going to his uncle=s house to get Asome kind of card.@ 
Appellant=s girlfriend said that appellant got in a car with two men
and left, and that she had not seen appellant again until the day of trial.

Appellant argues that the evidence is insufficient to support
the verdict because there were no witnesses to corroborate the undercover
officer=s testimony, and the fifty dollars
used to purchase the crack cocaine was never recovered.  However, the testimony of a witness  to a crime is direct evidence that is
factually sufficient to support a conviction if the fact-finder reasonably
believes the witness.  Goodman v.
State, 66 S.W.3d 283, 286 (Tex. Crim. App. 2001).  Moreover, we must defer to the trial court=s determinations involving witness
credibility and demeanor.  Zuniga,
144 S.W.3d at 481.  Here, the trial court
could have reasonably believed the officer=s testimony and disbelieved appellant=s explanation as to the AA.C. technician card.@ 
Accordingly, we find the evidence factually sufficient to support the
conviction.

Appellant=s sole issue is overruled, and the judgment of the trial
court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed March 28, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The undercover
officer and appellant both testified that the other man in the car had a first
name of ARobert@ or ABobby.@  However,
neither knew the man=s last name. 
The undercover officer testified that the man was not an informant and
was arrested with appellant and placed in a separate patrol car.  The man did not testify, and the State and
the undercover officer described the man as Aunknown.@